Mr. Brenza, good morning to you. Good morning, Your Honor. How are you? Please proceed. May it please the Court, Lynn Brenza for Dupont. We are here today on an appeal of the denial of a preliminary injunction relating to one claim, one patent, raised by and asserted by Dupont below in a lawsuit where other patents were also involved. The general technology involved something called flexographic printing plates. I won't go into great depth with that. I know the Court's rather brief. But infringements conceded for purposes of the injunction. Yes, Your Honor. So the only issue decided by the Court below was dealt with validity. Yes, Your Honor. And the Court below found that there was a substantial question or a substantial doubt about the validity of the patent in question because of public use and on-sale activities. I wouldn't characterize it exactly that way. I'll get into it. I think analyzing precisely the rationale that the Court uses is critical to persuading you that what the Court did is an abuse of discretion. One of the rare categories of cases where the denial of a preliminary injunction... That would be the right place to focus. OK. Well, the rationale was that because Dupont failed to immediately correct a misstatement about the priority date of the patent... That's not what he says. The judge doesn't say that. Let me get it out, and then we'll... Why don't you quote what the judge says. OK. Well, what the judge says is that she relies on the fact that Dupont made assertions concerning the priority date that were not inconsistent with the priority date that was assigned by our opposing counsel. That those dates were based on the face of the patent, the date, the priority information that appeared on the face of the patent. Before close of briefing in the case, we realized that there was a provisional patent application to which our patent could claim priority. We raised that to the Court. The Court allowed further briefing, realized this was a matter of public record that needed to be decided. She allowed both parties to submit briefs and took the matter under advisement. When the Court ultimately made her ruling, however, she did not take into account any of those arguments or the provisional patent. Instead, what she found is because this error persisted for a period of time, somehow a doubt had been created about the public prosecution record of the patent and the legal consequences that flowed from it. Counsel, she didn't say that she didn't take into account those arguments. She said that she couldn't decide the factual questions without reopening the record. At least that's the way I read it. I'd be happy to have you point to me in the decision what she said otherwise, but I'm looking at page 55 of her decision. 55 and 56 are the most important pages of her ruling. What she said is nothing in the record should imply that the patent is invalid. The fact is, and let me jump to the bottom line from our perspective, the file history of a patent is a matter of public record. The world needs to be able to look at the file history of a patent and understand the meats and bounds of what it provides. This judge was provided, although belatedly, and we made an oversight, no argument there, no one wishes that the provisional patent had been raised with the judge earlier than we do, but it was raised in plenty of time for it to be accounted for. Well, who makes that decision? I mean, let's say hypothetically, it may not be exactly this case, but the trial court went through the whole shebang, concludes because everybody concedes that this was the date, and records closed, she's decided this issue, and then you come in and you say, wait a minute, take a look at this. Does a district court not have the discretion, particularly in the preliminary injunction phase where you're about to go for a trial on the merits, to say, well, we'll look at that later, but for now, this was the window of opportunity you had to adjudicate the PI, and it's a done deal. You consider that abuse of discretion if a district court does that? Your Honor, if it is a question of law, which this undisputably is, the judge, when presented with the facts of the filed prosecution, has a duty and an obligation to correctly apply the law to the facts that are best, to the file history as it is known to the court at a given time. Either side has an obligation to raise any errors that they may observe during the course of this process. And the court... So if she denies the PI and you're in the middle of the merit case, and suddenly you discover it belatedly, so you come in and you say, look what we just found, and she has to go and reopen the PI and grant to a PI? The... I don't know about the PI. I'm not sure I understand the question. Preliminary injunction. I mean, you're saying, you're suggesting that at any time... Pretty much, Your Honor, because the file history needs to have an objective meaning. It is not subject to the whims, the special interests, the tactics of particular litigants in particular cases. Well, let me ask you this. Was the file history placed before her as a document relevant to the preliminary injunction motion? Yes, it was, Your Honor. By whom? By our opponents. So she had it. She did. Then I don't understand why in her opinion she talks about the lack of evidence. There is no lack of evidence, Your Honor. In fact, there's no disagreement about what the provisional patent provides. The only arguments that have been raised relate to the legal requirements about whether our patent can claim priority to the provisional patent application. Well, she obviously didn't have the certificate of correction. She did have the certificate of correction. No, not until you presented it to her. She had it as part of our complaint, actually. It was attached to the patent. But you're acknowledging that you didn't find out until the 11th hour. You didn't figure this out until the 11th hour. So what was the missing piece of evidence that allowed you to figure this out? Your Honor, it was an oversight, and we realized the oversight. You mean the evidence was there and you just looked at it? I'm not clear on what was... I'm not sure how much I can talk about the details of this for privilege reasons, but I will say it was an oversight. You mean the evidence was there, all the documentation was there, and you read it wrong? The question is what is the consequence of correcting this, bringing to the court's attention an oversight in the way that we did. And what I submit to you, Your Honor, is that when the court is apprised of the file history and the legal consequences of the file history, there is never a time that the court is at liberty to ignore them. And you're saying that this would not have required a reopening of the record for any evidence? Even now, there's no real argument about... The only real argument I perceive is the fact that there was one inventor listed on the provisional, five inventors listed on the non-provisional application, and does that create a legal bar to claiming priority? That's a legal question, not a fact. I think it's adequately addressed in our briefs, and if you want me to address it, I will, but that's a pure legal question. What I'd refer you to is the... What about the question of whether or not this was properly issued under 254 rather than 251? Again, I think that's adequately addressed in our briefs. The non-provisional application clearly claimed, specifically claimed priority and referenced the provisional application in a way that was sufficient to perfect its right to claim priority back to that application. The... The Southwest case that you both discuss... The Southwest software case? Yeah, got down to the end of holding that the district judge had to make factual findings on whether it was correct for it to be issued under 254 or 251. Didn't it? I believe the Southwest software case, and I may be misunderstanding your question, Your Honor, was a question about whether a certificate of correction would have retroactive effect. They certainly argued that issue, but the other issue was whether or not the issue had been preserved, and this court said, yeah, it had been appropriately preserved because the... and that the district court had made factual findings on whether it should be 254 rather than 251. Well, again, I think this is adequately addressed in our brief. If Your Honor has any feeling that there's a factual question about whether the patent can claim priority to its provisional, then a remand would be certainly one option for this court. We have no choice but to remand even if we agree with you, because there's an assertion that there was a trade show even before the date of the provisional, and if that trade show did include adequate disclosure, then maybe there's a public use problem, so we really can't order an injunction issued. At the most, we would vacate and remand and ask her to look at the remaining issues and then presumably go on to talk about irreparable harm and relative harms and public interest and all the other injunctive factors. Absolutely, Your Honor, and I don't intend to address the bulk of Appellee's brief that deals with issues that the court never reached. Obviously, what I guess I want to convey is how little we're asking for here. What we're asking for is that this court direct the district court to make a required finding of law about the priority date of the patent, or, in the alternative, if this court believes that can be done on papers, which I think it can, to tell the court what the priority date is that relates that the priority date is the date of the provisional patent application. Well, you're saying it's entirely a question of law. We believe it is, and then let the cards fall where they may. Obviously, she didn't reach the vast majority of issues that needed to be resolved because she decided that she didn't need to decide the priority date, and therefore there is some doubt about the validity of the patent. You said earlier that in your complaint you highlighted the priority date of the asserted patent as being the provisional. But in our complaint, we attached a copy of the patent, which included a certificate of correction, listing the provisional patent application. I misunderstood. Just to be clear, Your Honor, I don't want to mistake what we did. Let's hear from the other side, and then you can return on rebuttal. Mr. Horvath, good morning to you. Please proceed. Thank you, Your Honor. May it please the court, my name is John Horvath, I'm a representative of Printing Solutions. We urge affirmance of Judge Cooper's decision. Going to some of the issues that have been touched already, the record clearly was closed here when the letter came from DuPont's counsel. Yeah, but you would agree, would you not, that it was not a question of opening up the record again, it was just a question, I mean, you argued this in your brief as if it's really purely a legal issue, right? I disagree with that, Your Honor. I think the critical date, the effective filing date, is a question of fact, is one of the underlying facts or elements that go into the ultimate legal conclusion of whether there's a public use which bars the validity of this particular act. Is there any disputed fact here? No, because they conceded it throughout. No, no, no. If they made some kind of binding concession, then the case is over, but for the moment you should assume that that might not be what we decide. So then what? Then how is it a fact issue? It's a fact issue because there's witness statements which say that the critical date is 2001. So what? It doesn't become a factual issue because that's the opinion of some witness. The courts decide whether it's a factual issue or a legal issue, and it looks to me like it's a legal issue, at least in the context of this case. Well, I disagree, Your Honor, again. But on what basis? The documents answer the question. The question is, is it a judicial admission in the first place? No, I'm bypassing that. I'm saying assume for the moment that we're not going to agree with you that they're stopped or otherwise barred from changing their position about when the critical date is. So then how do you show that it's a fact issue nevertheless? Because if it's a judicial admission... No, no. Come on, you have to cooperate here. We're not going to get anywhere at all. I'm asking you to assume that we are not going to accept your idea that they made an admission they weren't allowed to back away from. She seemed to let them back away from it. I agree. That was way to be my point. If it's not a judicial admission, then it becomes an evidentiary... Whatever you want to call it, we may not agree with you. And if we don't, then you have to show that this involves evidence or fact-finding. And I don't understand how you can purport to do that. Because the effective filing date turns on whether or not the claim to priority, to the provisional, is correct. And one of the issues is whether or not the certificate of correction, which was attached to the patent, which was attached to the complaint, which was in their moving papers, is the proper means by which to claim to correct this particular mistake. Isn't that a legal question? I think it's ultimately a legal question, but there's factual underpinnings. Is there a factual dispute... I mean, even conceding there are factual underpinnings. Is there any factual dispute with... Is there any dispute with respect to what the facts are here as relevant to reaching the legal conclusion with respect to the priority date? I believe there are. What are the factual disputes? The factual disputes are whether or not it was the fault of the Patent Office that the original 859 patent issued as it did without a reference to the provisional on the face of the patent. How is that disputed? Well, because we claim that it's DuPont's fault. I understand that, but looking at the documents, it's obvious the Patent Office failed to pick up on the language in the statement that's cited to the provisional. And what's more, they've so said by issuing the Certificate of Correction and we're going to presume that's valid. So why is there a factual dispute? Because we claim that it's not valid. I understand you claim on what basis... You can't make a factual dispute by making a legal argument. There's three facts in prosecution history which suggest that it's DuPont's fault. The first is they didn't use the proper language to claim the benefit. They didn't use the language to claim the benefit of. Wait a minute, wait a minute. That MPEP provision says such as, use language such as. They don't have to use the example. Nobody has to use the example. You just have to use something that's adequately clear. So they didn't violate the MPEP provision by not using the precise phrase, verbatim. Then the Patent Office did not pick up on that language. We don't know why, but we know that they did not. The filing receipt was issued which did not reference the provision. Further, the U.S. publication came out which did not refer to the provision on the face of it. DuPont at no point in time... So what? It goes to the issue, Your Honor, of whether or not it's the PTO's fault or it's DuPont's fault. Of course it's the PTO's fault. It was in the statement and they missed it. Your Honor, I believe you just made a factual finding. Not a factual finding. The document shows that they alerted the PTO about the priority claim. And obviously the PTO didn't pick up on it and that's exactly why the published application didn't so report. That's exactly why they later had to correct it. I believe there's an obligation on the applicant who goes and seeks the benefit of a patent to correct mistakes that are very clear from the record. That was not done by DuPont. They did do it. They didn't do it as fast as you would prefer but they did do it. Well, they did it many months later. So what? There's no saying that they have to do it immediately when they have any answers or problems. Even if you're right, that's a legal issue as to whether or not they have that obligation. There's no dispute as to when they did what. Right? So that's illegal. Isn't that a legal question? As to whether or not there's an obligation? Ultimately, I believe it's a legal judgment but fault, whether PTO fault or DuPont fault is by definition, in my estimation a factual inquiry. And there are facts which would suggest that it was DuPont's fault. The publication of the patent issued identically to the publication. They did not fix the mistake. Until later. Excuse me? Until later. Until after it issued. So what? The correction statute doesn't say you have to do it before it issues or you can't do it. It kind of says the opposite. Respectfully, 254 is limited to PTO mistakes. Of course. But it doesn't say anything about timing. It doesn't say that the mistakes have to be corrected pre-issuance. I agree with that. But it's a question of is it 251 or 254 to correct this particular mistake. And that issue turns on whose fault it is. And I believe that's a factual issue. I understand you disagree with me. And we'll go to the next issue. The next issue within 254, Your Honor, is whether or not the certificate was issued after the cause of action here arose. And clearly it did. And if it did, under Southwest, the certificate is not applicable, not valid. Wait a minute. We're not talking about damages. We're talking about prospective relief to prevent further infringement. So I don't think Southwest has anything to do with this case at all. Southwest was the damages case. This is an injunctive case.  looking relief. I believe the language of the statute is very specific, Your Honor. It talks about trial of the actions. Does the certificate apply to the trial? Here, the trial includes causes of action which arose before and causes of action which arose after. So for this trial, for this dispute, the issue is clear. The cause of action arose before the certificate was issued. You're defining cause of action as the infringing activity and not the filing of the lawsuit. That's exactly right. But as I read Southwest, they were using the term cause of action synonymously with the lawsuit, not with the beginning of the infringing activity. They did at that point because that's what the factual synonym is. Okay, so Southwest says, uses the lawsuit as the tripwire which doesn't help you here. I disagree. I agree that all they had to do is use the tripwire as the lawsuit because everything was prospective. Here, however, we need to look at what the language of the statute says. And the language of the statute says that for this trial, you look to where the cause of action arose. You don't look to when the lawsuit was filed, if you did. Wait a minute. The cause of action arises every time you use the method. It's arising every day if you're using the method every day. So some of the infringement came after the correction. I understand that case law. What I'm saying is if it's before and after the cause of action has arose before the certificate for the trial, as the statute says. I don't think we're communicating. I'm telling you it arises after as well as before. I agree. Here, and by the way, we don't concede infringement before I lose all my time. I mean, I think the record's very clear that we dispute infringement, but I'll get to that hopefully later. For purposes of liability, but not for purposes of the injunction. Absolutely wrong. She says that you conceded infringement. If you go back to the record, we disputed. We disputed vigorously. This is a method patent, a method claim. McDermott doesn't do the method, and DuPont never provided any evidence of direct infringement, and the record was abundantly clear that what we sell, the plates that we sell, can be developed in either a thermal or solvent way, and nobody has said that one of our customers has taken one of these plates and developed it. It's not in the record, and we dispute that vigorously, and I understand what she said, but that's not what the record is. I want the record to be clear on that. Well, if they have no inkling of proof that you infringe, then obviously they can't get an injunction because there's no likelihood of success. And the patents in this particular claim. If you're correct, it seems like more reason to remand, not less. She misunderstood your position. She thought you were conceding infringement. You're saying no, we weren't conceding infringement, not even for purpose of the injunction, not at all. Apparently, big misunderstanding, big miscommunication between you and the trial judge. It seems to me the remedy for that is send it back to her, clear up the misunderstanding, and go on from there. You're assuming, I take it, that she committed an abuse of her discretion by accepting DuPont's admissions throughout the entire proceeding, both in witness statements and in briefs and in open court as to, one, what the effective filing date is, two, that indeed their invention was at a public trade show before that critical date, and therefore invalid, presumptively so. And I would submit that judicial admissions, when done in court, have a very laudable and important purpose which should not be overlooked. Orderly justice is where a judge or an opponent can accept a concession made knowingly by their opponent with knowledge of the certificate of correction that's been admitted that was on the patent, was in their complaint, was in the record, was missing, Chief Judges. The provisional application was never given to the trial judge and therefore that's the lack of evidence she refers to in her decision. With respect to the exception for legal conclusions, that's limited to where, for example, I say to you, the rule against perpetuity says X and because I didn't come out of law school, I get it wrong, I fumble it, I fumble it, and it hurts my client the way I framed it. Of course the court's not bound by the way I articulated the rule. You're the masters of the law. You make that judgment. However, if I say and I concede to each of you that my client's conveyance was against the rule of perpetuities, I'm done. I've made a judicial admission which they get to rely upon. You get to go back and write a decision on it. The judicial admissions are only binding if there's actually a waiver, right? If it's a matter of law. Judicial admissions in question is only binding if there's actually a waiver. Correct. For example, in the U.S. Supreme Court case... But there's no waiver here. Well, I disagree. There were six separate admissions in various forms over four months and only after the record was closed. Did they change that? Why do you call them admissions? There was no issue posed about one critical date versus another critical date and they said, we agree it's not A, it's only B. There was no discussion of A versus B. Everybody seemed to be assuming that A was the only critical date in the case. I disagree. We put forth a defense, one of them, that this claim is barred by the public use and we pointed to a trade show and we pointed to a critical date. We recognized that certificate of correction was not valid. We put forth a critical date to which they came back and agreed. They agreed to the critical date, they agreed to the trade show, and they agreed to the claim of invention being in public display, commercially exploiting the invention, before that critical date. And so there is an exchange. They say they're entitled to a preliminary injunction. We say no. And here's why, some of the reasons why. They come back and concede part of that. That is a judicial admission. There's no question about that. There is a question. Judge Michelle informed you earlier that there's a question. We read the cases, at least I read the cases differently than you do, but I want to go back to this question of whether or not there was a real dispute about the effect of the certificate of correction. The 254 versus 251 issue. Was there really any material reason, if we grant the presumption of validity to the action of the PTO, was there really any material reason to challenge that? What was it? The material reasons are the ones that I've articulated. If we don't... It was a real factual difference about the 254 versus 251. I think there's three things. There's a question as to fault. There's a question as to when the cause of action arose and does the certificate apply in this case. And there's a question as to whether inventorship. Obviously the provisional application needs to have the correct inventor as does... So if we disagree with you on those three questions, then we should remain. Remember, these issues were raised after the record was closed and we had no opportunity within the framework of the record to decide these things. And so that's why I believe the judicial admission doctrine is so critically important here. You can't have... If you disagreed, you would have disarray. You would not have people having an incentive to come in and make knowing admissions. You could say whatever you want and then two days after the record's closed, say, wait a minute, I didn't really mean that. So we are to treat those as evidence and the certificate itself is evidence and it wasn't abusive discretion for the trial judge to say, well, I can't make up my mind yet. I think it's a judicial admission and if not, it's certainly evidence because once it becomes not a judicial admission, you're relieved that it becomes evidence and yes, that's some evidence. Their belated letter is other evidence. The certificate of correction being in the record but obtained under 254 and making a material difference to the validity or not of the claim is further evidence. And when it was obtained versus when the cause of action arose, those are all factual issues. You're maintaining that their letter informing the judge that they had belatedly discovered the provisional, that that letter is evidence? The timing of it, absolutely. It's evidence that they knew. It's a brief. It's a brief in the form of a letter. How does that get categorized as evidence? I think the law is clear that what you write into a brief and what you represent to the court either orally or in a brief or in a declaration is evidence. So I think it's evidence. Certainly here, the trial judge did not abuse her discretion. She had full discretion to do what she did given this particular record. And there's certainly alternative grounds which are clear from the record which would affirm her on other grounds including that what DuPont is seeking to do here is to join us from practicing our own technology which we disclosed to the world in 1995 which is simply a combination of digital imaging and thermal technology all within our 1995 500 patents. Let me just interrupt. What really concerns me about this case is it's here at all. I don't understand why the parties just don't go back to the judge and say ultimately you're going to have to decide this can we get on a schedule so that you're going to do it. I don't see any useful result of us saying whether this was or wasn't an abuse of discretion. I'd just like to know why that hasn't happened and why since both of you appear to be not benefiting from the passage of time, you haven't sent it back. DuPont appealed. We can't make them not appeal. I do believe the record is clear that DuPont is benefiting from the passage of time. They're using this patent which on the face of it from our perspective is invalid and unenforceable and they know that. They're using it in the market to stifle competition and time does benefit them and that's I think why we're here. Remanding in the face of this record would just further what I believe that the strategy is and that would be unfortunate. Alright, rebuttal. Thank you, Your Honor. Just very quickly I'd like to respond to your question. The case has been pending this appeal. The court made it pretty clear in note 9 that she had decided she wasn't going to get inside this issue basically but that she stood ready willing and able to if the Federal Circuit told her that she should. But this case pretends to be the all time set an all time record perhaps for the duration of a preliminary injunction proceeding because even if we reverse it, if we vacate then it goes back and even if this issue is ultimately resolved in your favor, you've got your you've got plenty of which may or may not be subject to appeal and the way things are going, given your record, I assume that whoever loses on any one of those issues is going to be up here. We're into record setting time here. That's one reason we would ask if the court does agree with us that our entitlement to the date of the provisional application is clear as a matter of law, that this court make that decision rather than Yeah, but that only gets you just so far. We're still on. That doesn't even resolve the on sale bar because there's still other things going on and then we've got other validity issues and we've got a PI and we've got the preliminary injunction factors and then as your opponent pointed out the judge was mistaken as to whether or not the parties had even conceded infringement. We've got infringement questions. She wasn't mistaken. The issue was whether there was evidence of contributory or induced infringement and that was proven. She found that there was a likelihood that we would prevail and she was more than adequately supported in the record. We had a people out in the marketplace where customers were converting to McDermott's. Alright, well I don't think we need to go there. Suffice to say if we get to the issues of validity, irreparable harm those issues I think are going to be resolved very quickly in our favor. That's why if we can get past this issue and get her to make the legal ruling that she should have made we can hopefully get onto a final resolution of this preliminary injunction on the grounds that it should have been decided on and we believe will be favorable to us. Aren't there not to, in the context of the judicial system, aren't there not to be some loss that you suffer? I mean it's an accident. Nobody's saying that you intentionally did this and there would be no purpose for you to have done that. But doesn't the judicial system require that there be some consequence to a party not doing this? I mean the other side expended however much legal time disputing an issue that didn't have to do it. I mean if you're right on the law then you could have resolved this a year ago. Certainly, Your Honor, our clients pay a heavy price just in terms of the delay that this has caused. Yeah, but I'm worried about the other side. And he says you're benefiting from the delay. That's clearly not true. If that's not true, then why haven't you gone back? If he wants to go back and you want to go back. We want to go back with instructions of the court to decide the priority date. You'll probably agree it has to be decided. I mean the judge made it pretty much clear that she had decided she wasn't going to decide until this court told her to do it. But she said in footnote that she wasn't able to do it. And I think that's all it'll take. I also think this court can speed the process if you agree that the arguments raised against assigning priority to the provisional are insubstantial and can be resolved on the papers. Finally, I'd just like to alert you to one case that I think is particularly applicable. If you read no other, I think it's one of the better ones. The Abbott v. Noah Farm case. And this is a case where the party had prosecuted their patent so that it related to an earlier parent application, which gave it an earlier filing date. But they actually didn't want the earlier filing date. They wanted a later filing date so their patent wouldn't expire for another year. And the court said, too bad. The file history determines the date of your patent application. It determines the meets and bounds of your patent. And whatever arguments you make doesn't matter because this is a matter of law that's going to flow inexorably from the file history. That's the same case here. Here we're asking for an earlier application date, or an earlier priority date based on our provisional application. We think that flows as a matter of law from the file history. We think that the court, as you observe, the district court will eventually have to make this decision. We believe she had to make it now because it was squarely presented to her. It was essential to and we ask that this court remand with either instructions to assign the provisional patent as the priority date or at least to find to conduct whatever proceedings she thinks need to be conducted to make that determination. All right. Thank you. Appeal is taken under advisory. All rise.